E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BRAM M. ALDEN (Cal. Bar No. 272858)
Assistant United States Attorney
Chief, Criminal Appeals Section
SURIA M. BAHADUE (Cal. Bar No. 344369)
Assistant United States Attorneys
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3898/5487
    Facsimile: (213) 894-0141
    E-mail:   bram.alden@usdoj.gov
             suria.bahadue@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00452-JFW |
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date: May 9, 2023 |
| VLADISLAV KONSTANTIN AKSENOV, | Trial Time: 8:30 a.m. |
| Defendant. | Location: Courtroom of the Hon. John F. Walter |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Bram M. Alden and Suria M. Bahadue, hereby files the Government's Trial Memorandum.

//

//

The Government's Trial Memorandum is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 2, 2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


      /s/
_____
BRAM M. ALDEN
Assistant United States Attorney
Chief, Criminal Appeals Section

SURIA M. BAHADUE
Assistant United States Attorney
Criminal Appeals Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

DESCRIPTION                                                                PAGE

I.    Summary of Charges...............................................1
II.   Summary of the Conduct...........................................1
III.  Case Status......................................................2
      A.    Trial, Length of Trial, Number of Witnesses, and
            Exhibits...................................................2
      B.    Motions in Limine..........................................3
      C.    Stipulations...............................................3
      D.    Jury Instructions..........................................3
      E.    Verdict Form...............................................3
IV.   Legal and Evidentiary Issues.....................................3
      A.    Video/Audio Recordings and Transcripts.....................3
      B.    Physical Evidence..........................................4
      C.    Photographic Evidence......................................5
      D.    Lay Opinions of Law Enforcement Witnesses..................5
      E.    Certain Statements Made to Law Enforcement Are
            Admissible for Effect on the Listener......................6
      F.    Defendant's Statements.....................................7
      G.    Business Records...........................................8
      H.    Scope of Cross-Examination of Defendant....................8
      I.    Reciprocal Discovery.......................................9
      J.    Affirmative Defenses......................................10
      K.    Jury Nullification........................................10
V.    CONCLUSION......................................................10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Summary of Charges**

Defendant Vladislav Konstantin Aksenov is charged in a single-count indictment for False Impersonation of a Federal Officer and Employee in violation of 18 U.S.C. § 912.  (Dkt. 1.)  For defendant to be found guilty of this offense, the government must prove the following:

First, defendant falsely pretended to be an officer or employee acting under the authority of the Federal Bureau of Investigation or the Secret Service; and

Second, defendant acted as such.

See 18 U.S.C. § 912; Ninth Circuit Criminal Model Jury Instructions, No. 24.9 (False Impersonation of Federal Officer or Employee).

**II.  Summary of the Conduct**

Defendant, along with Javier Dominguez and En Jan Chen, set out to repossess a Lamborghini on July 13, 2021.  (See Motion in Limine No. 1 ("MIL"), Ex. B at 1.)  A vehicle tracker on the Lamborghini led them to an apartment complex in San Gabriel, California.  (Id.)  When they could not locate the Lamborghini, defendant and Chen began contacting residents of the apartment complex.  (Id.)  In doing so, defendant knocked on Peter Nguyen's door, displayed a badge on his waist, and falsely claimed to be FBI.  (Id. at 2.)  Nguyen called 911 and reported in real time that defendant was "knocking" on his door, "waving a badge," and "saying he is with the FBI," so that Nguyen would open his garage.  (See Motion in Limine No. 2, Ex. A.)

Detective Enrique De Anda arrived at the scene first, contacted Dominguez and Chen, and learned that defendant had crossed the street to a high school parking lot.  (See MIL No. 1, Ex. B at 1.) When

Officer Thien Pham arrived, Detective De Anda advised Officer Pham of what he had learned, and Pham, along with Officer Paul Puente, found defendant in the rear passenger seat of a Mercedes parked across the street. (Id.)  Pham asked defendant to exit the Mercedes and noticed that his belt was loose as if it had been unbuckled recently. (Id.)

Next, Pham obtained consent to search the car and, before doing so, asked defendant if he had a firearm. (Id. at 3.)  Answering "yes," defendant advised that the firearm was in a lockbox in the trunk and gave Pham a key. (Id.)  Pham found defendant's firearm in the lockbox. (Id.)  He also found -- hidden in a pile of clothes in the rear passenger seat -- a gun holster with a badge affixed to the outside. (Id.; MIL No. 1, Gov't Ex. 1.)  The badge was marked "U.S. Secret Service Uniformed Division." (MIL No. 1, Gov't Ex. 1.)  Pham inserted the firearm into the holster and confirmed that it fit. (MIL No. 1, Ex. B. at 3.)  Nguyen confirmed that the badge affixed to the holster looked like the badge displayed to him. (Id. at 4.)

**III. Case Status**

**A.   Trial, Length of Trial, Number of Witnesses, and Exhibits**

The trial in this matter is set for May 9, 2023, at 8:30 a.m. Defendant is released on bond pending trial.

As set forth in the government's Pre-Trial Witness List (Dkt. 67), the government plans to call 8 witnesses in its case-in-chief. The estimated time for the government's case-in-chief (without allotment for openings, defense cross-examinations, or closings) is approximately three hours, which would require only one court day.

As set forth in the parties' Joint Pre-Trial Exhibit Stipulation (Dkt. 65), the government anticipates introducing approximately 23 exhibits at trial.  Defense counsel does not object to the

government's exhibits, except for Exhibit 25.  Accordingly, the parties will seek to pre-admit all of the government's exhibits, other than Exhibit 25, at the Final Status Conference.

### B. Motions in Limine

On April 7, 2023, defendant filed two motions in limine to exclude (i) defendant's firearm and firearm-related evidence, and (ii) Nguyen's 911 call.  (Dkt. 56-57.)  At the pretrial conference on April 28, 2023, the Court denied both motions.  (Dkt. 62.)

### C. Stipulations

The government has proposed factual stipulations in which defendant would agree that he is not, and has never been, a federal officer or employee of the United States Federal Bureau of Investigation or Secret Service, and that Government Exhibit 22 depicts a genuine U.S. Secret Service badge.  That stipulation would obviate the need for two of the government's witnesses.

### D. Jury Instructions

The parties have met and conferred regarding jury instructions and have one disagreement regarding the reasonable-doubt instruction. Accordingly, the parties have stated their positions in the jury instructions filed on May 1, 2023.  (Dkt. 63-64.)

### E. Verdict Form

The parties have met and conferred regarding the verdict form, and filed a joint proposed verdict form on May 1, 2023.  (Dkt. 65.)

## IV. Legal and Evidentiary Issues

### A. Video/Audio Recordings and Transcripts

The government will introduce short excerpts of video recordings from officers' dash-cams and audio recordings of Nguyen's 911 call. A recording is admissible upon a showing that it is "accurate,

3

authentic, and generally trustworthy." United States v. King, 587 F.2d 956, 961 (9th Cir. 1978). Testimony that a recording depicts what the witness observed is sufficient to authenticate the recording. See Fed. R. Evid. 901(b)(1); United States v. Smith, 591 F.3d 974, 979-80 (8th Cir. 2010). Witnesses involved in the events depicted may also have knowledge of how the recordings were made or collected. They are therefore qualified to testify about who can be seen and heard in the recordings. Fed. R. Evid. 901(b)(5); United States v. Torres, 908 F.2d 1417, 1425 (9th Cir. 1990) ("Testimony of voice recognition constitutes sufficient authentication."). While the video/audio recordings are also admissible under Rule 902(11), as noted below, the government will admit the video recordings through Officer Pham who observed the events captured on video, and the 911 call through Nguyen who called 911.

In addition, the government has prepared written transcripts of the video/audio recordings and provided those transcripts to defense counsel. Consistent with the Court's Trial Order, the parties conferred regarding the transcripts, defense counsel supplied edits, and the parties agree that the transcripts accurately reflect the statements on the recordings. Both sides have agreed to display transcripts on a screen while playing recordings, the government has provided defense counsel with the synced video and audio clips, and the government informed the Courtroom Deputy that the rolling transcripts will obviate the need to distribute and collect transcript binders.

**B. Physical Evidence**

The government intends to introduce the physical (i) U.S. Secret Service badge found affixed to a black holster; and (ii) defendant's

firearm. The government will rely on Officer Pham to authenticate this evidence who will testify that the physical exhibits are in substantially the same condition as when the crime was committed. See United States v. Harrington, 923 F.2d 1371, 1374 (9th Cir. 1991). The government has notified defense counsel of its intent to admit the physical evidence at trial, and defense counsel has inspected the physical evidence in the presence of the government. At the time of this filing, defense counsel has not objected to the condition of the physical evidence or its chain of custody.

### C. Photographic Evidence

The government intends to introduce photographs of the U.S. Secret Service badge affixed to the holster, defendant's firearm, defendant's firearm inserted into the holster, and the San Gabriel apartment complex, the surrounding street, and the high-school parking lot. Photographs are generally admissible as evidence so long as they fairly and accurately represent the object in question. See United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978); United States v. Stearns, 550 F.2d 1167, 1171 (9th Cir. 1977).

### D. Lay Opinions of Law Enforcement Witnesses

The government anticipates that three officers will testify. Detective De Anda will testify about his encounter with Chen and Dominguez, Officer Puente will testify about his encounter with defendant, and Officer Pham will testify about finding defendant in the back seat of Chen's car, searching Chen's car, discovering defendant's U.S. Secret Service badge and firearm, and hearing defendant's statements. Their testimony may include their opinions and impressions of what was observed.

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (quotation marks omitted). Under Ninth Circuit law, opinion testimony by law enforcement officers is admissible and not necessarily expert testimony within the meaning of Rule 16(a)(1)(G). See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995); see also United States v. Gadson, 763 F.3d 1189, 1209 (9th Cir. 2014) ("[A]n investigator who has accumulated months or even years of experience with the events, places, and individuals involved in an investigation necessarily draws on that knowledge when testifying; indeed, it is those out-of-court experiences that make the witness's testimony helpful to the jury."). The officers' opinion testimony and conclusions will be helpful to the jury and do not require expert knowledge. See United States v. Nelson, 285 F. App'x 491, 493-94 (9th Cir. 2008) ("The officers were in the unique position of observing both the manner in which the vehicle was driven prior to the stop and the precise location and position in which the gun was discovered, and their opinions did not require scientific, technical or other specialized knowledge.").

**E.   Certain Statements Made to Law Enforcement Are Admissible for Effect on the Listener**

Federal Rule of Evidence 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Testimony that is not offered for the truth of the matter

6

asserted, but for another purpose, is not hearsay. See e.g., United States v. Johnson, 875 F.3d 1265, 1279 (9th Cir. 2017) (affirming admission of out-of-court statements that explained why the government focused its investigation on defendant, rather than another individual); United States v. Arteaga, 117 F.3d 388, 397 (9th Cir. 1997) (statements offered for "effect on hearer" are offered for a non-truth-related purpose and are admissible non-hearsay).

At trial, the government anticipates introducing statements from Dominguez and Chen for their effect on the officer's actions. Specifically, the government anticipates that Detective De Anda, who arrived first at the San Gabriel apartment complex, will testify that defendant's associates advised that they were at the apartment complex to repossess a luxury car for their employer and that defendant went walking across the street. Detective De Anda will testify that based on those statements, he looked across the street and saw defendant in the high school parking lot. These statements are not being introduced for the truth of the matter but for their effect on the listener -- here, Detective De Anda -- and the listener's subsequent actions -- here, Detective De Anda looking across the street and then directing Officer Pham and others across the street.

**F. Defendant's Statements**

At trial, Nguyen and Officer Pham will testify about defendant's statements. When offered by the government, defendant's statements are admissions by a party-opponent. Fed. R. Evid. 801(d)(2); United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).

While the government may present evidence regarding defendant's statements, such statements, if offered by defendant either through

7

cross-examination of government witnesses or through his own witnesses, are inadmissible hearsay. Ortega, 203 F.3d at 682 (non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are inadmissible hearsay); see also United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988) (holding the district court properly sustained government's hearsay objection to defendant's attempt to solicit defendant's post-arrest statements during cross-examination of FBI agent). A defendant may not avoid testifying by introducing his own self-serving hearsay statements. See United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007) (precluding defense counsel from eliciting defendant's exculpatory statements); Ortega, 203 F.3d at 682 (same).

### G. Business Records

Federal Rule of Evidence 902(11) provides that certified domestic records of regularly conducted activities can be self-authenticating and may therefore be admitted under Rule 803(6), provided certain requirements are met. See Fed. R. Evid. 902(11). The government intends to introduce self-authenticating business records relating to defendant's conduct, namely dash-cam video recordings, audio recordings of Nguyen's 911 call, and San Gabriel Police Department's call log regarding the officers' response time on July 13, 2021. The government has provided defense counsel with notice of its intent to introduce these records at trial. At the time of this filing, defense counsel has not raised an objection, except to the admission of the call log.

### H. Scope of Cross-Examination of Defendant

If defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all

8

matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304 (1971) ("The defendant cannot assert a self-incrimination privilege 'on matters reasonably related to the subject matter of his cross-examination.'"); United States v. Black, 767 F.2d 1334, 1341 (9th Cir. 1985) ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted). The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). Defendant has no right to avoid cross-examination on matters that call into question his claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982).

### I. Reciprocal Discovery

The government has repeatedly requested reciprocal discovery and Jencks material from defendant. Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendant to produce three categories of materials that he intends to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1) and (c). Where a party fails to produce discovery as required, the rule empowers this Court to "prohibit that party from introducing the undisclosed evidence," or "enter[ing] any other order that is just under the circumstances." Fed. R. Crim. P.

Case 2:21-cr-00452-JFW   Document 70   Filed 05/02/23   Page 13 of 13   Page ID #:398

16(d)(2). As of the filing of this brief, the government has not received any reciprocal discovery from defendant. To the extent defendant attempts to introduce or use any evidence at trial that has not been produced to the government as required, such evidence should be excluded. See Taylor v. Illinois, 484 U.S. 400, 415 (1988).

### J.  Affirmative Defenses

Defendant has not given notice of any affirmative defenses or an intent to rely on any affirmative defense, including mental incapacity, entrapment, or duress, or an alibi defense, in response to the government's requests for such notice. Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.

### K.  Jury Nullification

To the extent any defendant attempts to raise improper defenses, the Court should exclude any evidence or argument relating to any possible jury nullification defense. Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring). In particular, defendant should not be permitted to introduce evidence concerning his status as a legal permanent resident or the financial dependency of family members because neither is relevant to any material issue, and its nonexistent or minimal probative value is substantially outweighed by the risk of unfair prejudice and confusion of the issues. See Fed. R. Evid. 401, 403.

## V.  CONCLUSION

The government respectfully requests leave to file supplemental trial memoranda before or during trial, as may become appropriate.